MARK CRAWFORD

923 21 AVENUE
SEATTLE, WASHINGTON 98122
206 683 8870

In Propria Persona

UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| MARK CRAWFORD | )  Case No.  2:18-cv-00015 JCC |
| | ) |
| Plaintiff | ) |
| | )  COMPLAINT |
| v. | )  FOR THE VIOLATION OF |
| | )  DISCRIMINATION IN EDUCATION |
| WESTERN GOVERNORS | )  ACT |
| UNIVERSITY OF WASHINGTON, | )  JURY TRIAL DEMANDED |
| Defendant | ) |
| | ) |
| | ) |
| | ) |

## NATURE OF THE CLAIMS

1. This is an action for declaratory, injunctive and equitable relief, as well as monetary damages, to redress Defendant's unlawful practices and retaliation against Plaintiff, including Defendant's unlawful discrimination, harassment and retaliation against Plaintiff because of his age, and because of his repeated complaints about such unlawful discrimination, harassment and retaliation, in violation of **Age Discrimination Act of 1975 (the Age Act), 42 U.S.c. 6101et seq., and its**

COMPLAINT                                    - 1

implementing regulation, at 34 C.F.R. Part 110, **which prohibit discrimination on the basis of age by recipients of Federal financial assistance.**

2. During the course of Plaintiff's nearly three-year history of enrollment at WGU Defendant repeatedly subjected Plaintiff to unlawful discrimination and harassment because of his age as well as to unlawful retaliation. Because of Plaintiff's age WGU mentors repeatedly and without evidence accused Plaintiff of cheating, then designated Plaintiffs principled, fact based, and WGU policy compliant proof defending his work as combative. Because of Plaintiff's age WGU established blatantly hostile environment where Plaintiff was badgered for "old school methods", wrongly accused of cheating, and subjected to Defendants (the WGU mentors, faculty, advisors, and direct supervisors) derogatory comments and notes, referring to Plaintiff as "old hard case", "old school", "old guy", "older student bound to struggle". Because of Plaintiff's age he was repeatedly subjected to acts of intimidation. Plaintiff has repeatedly complained about this and other discriminatory and harassing misconduct at WGU and in return has been subjected to unlawful retaliation designed to punish him for bringing these claims which included pressuring him to withdraw them.

3. Rules for <u>federal financial aid eligibility</u> require "regular and substantive interaction" between students and instructors in distance education programs. Because of his age, over the course of Plaintiff's nearly three-year enrollment at WGU Defendant repeatedly denied Plaintiff interaction with mentors. Because of his age, over the course of Plaintiff's nearly 3-year enrollment at WGU, Defendant denied Plaintiff substantive interaction with mentors. During the course of Plaintiff's nearly 3-year enrollment at WGU, because of his age, Defendant denied Plaintiff substantive interaction with the task assessment teams assessing assignments and task responses the assessment of which is critical passing courses at WGU. Because defendant was "nearing sixty", deemed a "hard case", and an "older student bound

COMPLAINT                                    -2

to struggle" WGU administrative supervisors moved Defendant from mentor to mentor and WGU course mentors repeatedly refused to initiate interaction with Plaintiff and refused and delayed interaction initiated by Plaintiff.

4. Defendant's conduct was knowing, malicious, willful and wanton and/or showed a reckless disregard for Plaintiff, which has caused and continues to cause Plaintiff to suffer substantial economic and non-economic damages, permanent harm to his professional and personal reputation, and severe mental anguish and emotional distress.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this action pursuant to **Age Discrimination Act of 1975 (the Age Act), 42 B.Sc. 6101et seq., and its implementing regulation, at 34 C.F.R. Part** 110, **which prohibit discrimination on the basis of age by recipients of Federal financial assistance.**

6. Venue is proper in this district pursuant to **Age Discrimination Act of 1975 (the Age Act), 42 U.S.c. 6101et seq., and its implementing regulation, at 34 C.F.R. Part** 110, **which prohibit discrimination on the basis of ageby recipients of Federal financial assistance.**

## PARTIES

7. Plaintiff Mark Crawford is a 61 year old man who resides, and at relevant times resided in Seattle Washington.  Autumn of 2013 WGU vetted Mr. Crawford's application for acceptance to the WGU Teacher's College Master of Mathematics Education program of study.  WGU vetting required that Mr. Crawford satisfactorily pass mathematics competency exams to demonstrate mastery of subject matter and provide curriculum vitae that confirmed his B.A. in Mathematics to demonstrate academic achievement necessary for admission to the WGU Masters of Mathematics

COMPLAINT

-3

Education degree program.  Mr. Crawford satisfied all required and was accepted to the WGU Masters of Mathematics Education.

8. Defendant is a corporation authorized to conduct business in the State of Washington with its office located at Western Governors University *20435 72nd Avenue South, Suite* 301.  Kent, WA 98032 1111 Westchester Avenue.  At all relevant times, Defendant owned and operated WGU Washington.  At all relevant times, Defendant met the definition of a "recipient" under all applicable statutes.

## PROCEDURAL REQUIREMENTS

9. Plaintiff has complied with all statutory prerequisites to filing this action.

10. On or about March 25, 2015, the United States Department of Education's Office for Civil Rights (OCR) received Plaintiffs complaint filed against Western Governors University (University).  The complaint was given case number 08-15-2165 and alleged that the University discriminated against plaintiff on the basis of age.

11. On November 25 2015 United States Department of Education's Office for Civil Rights (OCR) concluded their complaint investigation and advised plaintiff of his right to bring a civil action to sue.

12. (On November 28, 2017) Mr. Crawford provided notice under the statute by registered mail;  Jeff Sessions General of the United States, Betsey Devos United States Secretary of Education, Eric Hargen, Secretary of Human Services, and WGU council.

13. Any and all other prerequisites to the filing of this suit have been met.

## FACTUAL ALLEGATIONS

### I. Background

MARK CRAWFORD
923 21 AVENUE
SEATTLE, WASHINGTON 98122
206.683.8070
1

14. Mark Crawford is a mortgage loan officer, carpenter, father, and educator of 2 daughters, USA swimming official, and aspiring teacher who was accepted to the WGU Masters of Math Education degree program autumn of 2013.

15. WGU states in their program advertisement that applicants to the WGU Master of Mathematics education degree are "Individuals who already hold a bachelor's degree (preferably in a math-intensive subject such as math, engineering, or science), want to become a certified middle school or high school mathematics teacher, and earn a master's degree". Counselors from WGU confirmed that Mr. Crawford satisfied these criteria. Further, WGU requires a battery of testing and interviews for acceptance to their program. WGU notified Mr. Crawford passed all of the required tests, background checks, and curriculum vitae verification and that he was accepted to the Master of Mathematics education program. Mr. Torrance Banks was assigned as Mr. Crawford's mentor. During his first interview with Mr. Crawford was asked by Mr. Banks to provide personal details of his life, his education, his family, and when the matter of Mr. Crawford's age came up Mr. Banks warned Teaching is a "young man's games", he informed Mr. Crawford that "older students tend to straggle at WGU" and he challenged Mr. Crawford's commitment to teaching by repeatedly asking "are you certain teaching is for you", and "most teachers retire by 65, that's not a lot of time".

16. Mr. Crawford Started at WGU late in 2013.

17. As set forth in greater detail below, throughout his enrollment at WGU Mr. Crawford has been subjected to a barrage of discrimination and harassment on the basis of his age. Despite Mr. Crawford's complaints and pleas for WGU to bring an end to the discriminatory and harassing conduct committed against him by his mentor, course mentors, and other WGU staff. WGU has turned a blind eye to his increasingly desperate plight.

**II. Discrimination and Harassment on the Basis of Age.**

MARK CRAWFORD
923 21 AVENUE
SEATTLE, WASHINGTON 98122
206.683.8070

## A. Discrimination and Harassment.

18. Because of Mr. Crawford's age WGU established a practice of 1 not supporting Mr. Crawford in difficult educational situations. WGU harassed and humiliated Mr. Crawford in front of his mentors, course mentors, assignment review teams, teacher success group, administrators, and deans' office. WGU victimized and Targeted Mr. Crawford. Because of his age, WGU changed the rules for Mr. Crawford. WGU a modified Mr. Crawford's assignment terms, tasks, assessment requirements, the content to be mastered and terms of access and access to support. Because of Mr. Crawford's Age WGU changed Mr. Crawford's access to services. WGU repeatedly accused Mr. Crawford of misconduct, cheating, and because of his age claimed he would be incapable of carrying out the job of being a teacher. Because of Mr. Crawford's age WGU demoted him and disciplined him.


19. Mr. Crawford has been singled out by his mentor, course mentors, and other WGU representatives as a "special case". Summer 2014 Torrance Banks referred Mr. Crawford to the WGU Teacher Success group which is the WGU entity assigned the task of student discipline. Mr. Banks complained that Mr. Crawford used inappropriate language and swore over the telephone. Mr. Banks' had repudiated Mr. Crawford for asking Mr. Banks to help with an ongoing conflict Mr. Crawford was having with Joanna Henry, Mr. Crawford's course mentor who refused to follow WGU policy by preventing Mr. Crawford from submitting his homework to homework evaluation teams for objective analysis. Mr. Banks refused to assist Mr. Crawford with the WGU policy mandated appeal to evaluation team supervision pointing out that Mr. Crawford was "old and stubborn". Mr. Banks stated that "teaching is a young mans game" and likened Mr. Crawford's conflict with Ms. Henry to the eventual conflict Mr. Crawford would have as a teacher working for a much younger administrator. Mr. Banks stated, "Older students tend

to struggle at WGU". Mr. Banks stated that Mr. Crawford's "old school approach might be a bad fit for WGU". The Teacher success group required that Mr. Crawford "reflect on his conduct" and apologize to Mr. Banks. Teacher Success dismissed Mr. Crawford complaint and did not investigated Mr. Crawford's complaint that Mr. Banks references to Mr. Crawford's age demonstrated a certain bias against Mr. Crawford because of his age.

20. Teacher Success and the WGU provost designated Torrance Banks a bad fit as he was "considerably younger" than Mr. Crawford and instead designated Linda Jonson "because she is a women in her sixties" as a better fit.

21. August 2014 Ms. Johnson informed Mr. Crawford that he was a "special case" and that she would have to "go strictly by the book with you". Ms. Johnson explained to Mr. Crawford, that because of his first strike, she would not allow the informal "flexibility" and "candid discussions" she allowed other students while dealing with Mr. Crawford. Ms. Johnson rationalized her decision to go strictly by the book in Mr. Crawford's case with the explanation: "Older students think they have more to teach us then we have to teach them. This is a problem." Ms. Johnson informed Mr. Crawford that she had discussed Mr. Crawford with his course mentors and that these course mentors were aware of Mr. Crawford's "challenges".

22. Because of his age Mr. Crawford contends with harassment through being made to meet special extra homework criteria. For example Mr. Crawford is made to satisfy requirements for homework assignment involving his "old school math" added by mentors that go well beyond the requirements of the published assignments. These additional requirements must be completed to satisfy course mentors before assignments are cleared for objective assessment by WGU assessment teams. WGU policy states that task responses assessment is to be completed by assessment teams but because Mr. Crawford was and "older student

MARK CRAWFORD
923 21 AVENUE
SEATTLE, WASHINGTON 98122
206.683.8070
1

tending to struggle at WGU", course mentors added "special requirements to assignments", then denied Mr. Crawford access to objective task assessment.

23. Because of his age and the WGU designation that Mr. Crawford is an "older student" and "special case". Mr. Crawford is made to repeatedly defend against unfounded claims of cheating. Mr. Crawford was accused of plagiarizing text and graphics from the Internet despite the fact that with each original graphic Mr. Crawford provided the computer code used to generate the graphic. In addition Mr. Crawford's homework responses meet WGU originality requirements by meeting the Turnitin standard for originality. "**Turnitin** is an Internet-based plagiarism-prevention service created by iParadigms, LLC, first launched in 1997." Turnitin will highlight ANY matching material in a paper—even if it is properly quoted and cited, and score a submission for similarity to content based databases.   Mr. Crawford's task response Turnitin scores confirmed the originality of his homework submission. Without explanation and in spite of satisfactory Turnitin scores, mentors designated Mr. Crawford's work as "simply cut and pasted from the Internet" and refused Mr. Crawford access to regular and substantive interaction.

24. For example, in the course "Mathematics History and Technology Joanna Henry refused to permit Mr. Crawford to submit his work for assessment unless he removed from his task responses text authored using Microsoft word symbolic representation of number systems and LaTex mathematics symbol representation because they were "a cheat simply cut and pasted from Wiki". Symbols such as equal signs, plus, minus, and multiplication arithmetic operators ($=$, $+$, $-$, $\pm$, $\times$,), Greek variables ($\Theta$, $\Delta$, $\Psi$, $\Phi$,) and set theory expressions ($\oplus$, $\subset$, $\not\subset$, $\in$), and number systems identifiers for the real numbers $\mathbb{R}$ for example are provided in the Microsoft Word Character Menu and La Tex typesetting of mathematical formulas. WGU mentors Linda Johnson and Joanna Henry accused Mr. Crawford of cheating for using them. Then they refused to allow assessment of

MARK CRAWFORD
923 21 AVENUE
SEATTLE, WASHINGTON 98122
206.683.8070

Mr. Crawford's task responses until the formulas were removed.  Mathematical formula are essential to expressing the mathematical ideas that were the subject of Mr. Crawford's assigned task responses.

25. In the course "Mathematics History and Technology "Mr. Crawford provided graphic output from his original programs written and rendered using "The Geometers Sketchpad" and the open source computer algebra system SAGE.  WGU mentors accused Mr. Crawford of simply cutting and paisting the "pictures" from the internet despite the fact that Mr. Crawford provided the original program code, input parameters, and graphic output from The Geometer's Sketchpad and from SAGE used to generate this graphic output.  Mr. Crawford is a registered user of a SAGEMATHCLOUD account and is a licensed user of The Geometer's Sketchpad.  When Mr. Crawford defended the originality and authenticity of the material he authored using these applications  by proving his original Geometer's Sketchpad scripts and SAGE Python program  (by including the original code in his task responses) and by pointing out that the material passed the originality tests  (WGU uses Turnitin search based originality engine to flag plagiarism and gauge originality), Mr. Crawford was referred to teacher success for "lack of professionalism" which resulted in progressive discipline.

26. Mr. Crawford made extensive use of Apple Grapher (a mathematics graphic application included with Apple OS), SAGE online computer algebra and graphing software and The Geometer's Sketchpad to provide graphs and color plots of complex functions.  When he provided the plots along with the code to generate them he was accused of simply cutting and paisting graphic output created by other mathematicians from the Internet.  Course mentors refused to clear his work for evaluation until the graphic output proved by the accompanying generating code to be original material was removed.  This despite the fact the task responses scored satisfactory by Turnitin, the originality evaluation application used by WGU.  When

MARK CRAWFORD
923 21 AVENUE
SEATTLE, WASHINGTON 98122
206.683.8070

Mr. Crawford demonstrated the graphics were essential to his task responses and were original work he was referred to Teacher Success for progressive discipline.

27.  WGU mentors abused the progressive discipline system at WGU by collaborated in creating a series of frivolous disciplinary complaints that accumulated to meet the 3 strike criteria for further disciplinary action.

28.  For Example a third strike disciplinary action resulted from a mentors complaint that Mr. Crawford was "sarcastic" in reacting to the claim made by Linda Johnson that " it is harder to place older students in demonstration teaching environments ". It took WGU dean to intervene. When he recognized the complaint was frivolous and did not meet the WGU standard for a third strike.  Subsequently Linda Johnson and Joanna Henry worked together to claim Mr. Crawford's defending his work against Ms. Henry's claim he cheated was grounds for a third strike.

29.  Mr. Crawford explored topics in discrete mathematics, algebra, and number theory to create responses to 'Mathematics History and Technology' task responses. Joanna Henry was assigned as Mr. Crawford's mentor for the 'Mathematics History and Technology' course.  Ms. Henry referred Mr. Crawford to Teacher Success complaining that Mr. Crawford choose topic's that reflected his "old way" of thinking about mathematics.  Ms. Henry refused to permit the evaluation of Mr. Crawford's task responses and complained to Teacher Success to discipline Mr. Crawford for choosing topics "deliberately over her head".  Ms. Henry dismissed Mr. Crawford's task response choice of exploring polynomial functions over finite fields as an "old guy showing off".

30.  Passing classes at WGU requires assigned task responses (homework) be passed by evaluations teams.  WGU policy prescribes that the evaluations teams provide objective evaluation of students' task responses.  Because of Mr. Crawford's age, Ms. Henry, Gideon Weinstein, and other mentors repeatedly

COMPLAINT - 10

prevented, in violation of WGU policy, Mr. Crawford's work from being submitted to the evaluation teams charged with evaluating task submissions. Ms. Henry, Gideon Weinstein, and other mentors repeatedly prevented regular and substantive interaction with Mr. Crawford to prevent Mr. Crawford from making academic progress. In the case of the Mathematics History and Technology course the delay exceeded a year.

31. When task response evaluations are disputed, WGU objective assessment policy prescribes that mentors must "unlock" tasks to be submitted to 'Senior Leadership in Mentoring'. Ms. Henry and Mr. Weinstein repeatedly refused to unlock tasks for appeal and referred Mr. Crawford to Teacher Success for progressive discipline for asking them to follow WGU policy and unlock his task responses.

32. Teacher Success arranged for Gideon Weinstein to take over as Mr. Crawford's 'Mathematics History and Technology' mentor when Ms. Henry's refusal to permit the evaluation of Mr. Crawford's "old school mathematics" task responses, and when teacher success determined Ms. Henry was unfamiliar with the finite field mathematics referred to in in Mr. Crawford's task responses. Mr. Weinstein complained to Mr. Crawford that it had been a long time since he served as mentor for the History and Technology class and was "very busy with his other classes" but that he was willing to work with the "old guy". Mr. Weinstein warned Mr. Crawford that he was very busy, that his responses would be delayed, and that Mr. Crawford should be patient while he read Mr. Crawford work. Over the course of months Mr. Weinstein changed the requirements of the assigned tasks adding conditions beyond the published task description. Mr. Weinstein refused to meet with Mr. Crawford, respond to Mr. Crawford's emails or interact with Mr. Crawford. Mr. Weinstein refused to unlock the task for evaluation and refused to permit an appeal to WGU Senior Leadership in Mentoring.

33.   After several months of putting Mr. Crawford off and ignoring the competed revisions, Mr. Weinstein required Mr. Crawford to abandon the task involving Elliptic Curves over Finite Fields and their application to cryptography upon which he had worked for over 9 months despite Mr. Crawford completing the many revisions and providing the additional explanations Mr. Weinstein insisted upon. Mr. Weinstein declared Mr. Crawford's choice to explore Elliptic Curves over finite fields and their application to cryptography was too 'old school'. Mr. Weinstein mocked Mr. Crawford for writing a task response that was over 90 pages long as being proof he was "old and stubborn". Mr. Weinstein required Mr. Crawford start over from scratch, abandon the 90-page response, and complete a new simplified task response free of the 'old school' mathematics that Mr. Weinstein would assign.

34.   Following Mr. Weinstein's instructions, Mr. Crawford did discard his task response exploring the function based on an Elliptic Curve Polynomial to complete the task response in the History and Technology course he had worked on for over 9 months. Mr. Weinstein assigned a "Roller Coaster Polynomial" be an analyzed in terms of shape. Mr. Weinstein refused to allow Mr. Crawford discussion of first and second derivatives of the polynomial function as a means for describing the shape of the polynomial plot. Identifying the inflection points of the polynomial plot using the zeros of the first derivative was designated by Mr. Weinstein as an "old school method" of analysis. Mr. Crawford explained to Mr. Weinstein that a discussion of first and second derivatives was fundamental to evaluating the shape of the curve of polynomial function plot. The task required a discussion of the shape of the polynomial plot. Mr. Crawford included a discussion of the slope of tangent lines to the curve of the polynomial function, intervals where the curve of the polynomial was either concave up or dawn, and inflection points on the curve of a polynomial. Mr. Weinstein referred Mr. Crawford tot teacher success for an additional strike for including a discussion of first and second derivatives in his task response when Mr. Weinstein insisted that given the High School Calculus Class for which the Mr.

COMPLAINT                                                           -12-

Crawford's lesson was designed, first and second derivatives were not a fundamental way to demonstrate the shape of the plot of a polynomial function. Mr. Weinstein refused to unlock the task so that it could be submitted to the task evaluation team.

35. Mr. Crawford asked representatives from Teacher success and representatives from task assessment teams at WGU to investigate Ms. Henry's and Mr. Weinstein's practice of interfering with assessment of Mr. Crawford's task responses. Linda Johnson then warned Mr. Crawford by saying "you are getting quite the reputation around here". Mr. Crawford complained to WGU teacher success and requested they investigate the warning and the age based harassment of the "stubborn old guy". WGU dismissed Mr. Crawford's request for an investigation.

36. WGU did not attempt to prevent other employees from engaging in similar unlawful discriminatory and harassing conduct. Other employees at the WGU began subjecting Mr. Crawford to discriminatory and harassing verbal abuse with impunity, mocking him for bringing his complaint of age discrimination.

36. Bridgette Hardin designated Mr. Crawford's series of emails request for guidance on completing assignments as combative. She referred Mr. Crawford for disciplinary action

24. Mr. Crawford's Mentor, Linda Johnson, has also subjected him to unlawful discrimination and harassment. By way of example only, Linda Johnson regularly and openly subjected Mr. Crawford to ridicule and humiliation by referring to Mr. Crawford as the "Older Student," "Special Case," and "Old Idealist." Linda Johnson has also made disparaging comments about Mr. Crawford. Linda repeatedly disparaged Mr. Crawford's academic style by referring to Mr. Crawford as "old school" and openly expressing her belief that Mr. Crawford was too "old and

MARK CRAWFORD
923 21 AVENUE
SEATTLE, WASHINGTON 98122
206.683.8070

stubborn" to function in a school where he would have to take direction from an administrator younger than himself.

25. Mr. Crawford has been threatened, as explained in greater detail below. Although Mr. Crawford reported to the Deans office that Lind Johnson's compliant of sarcasm was part of a pattern of interfering with Mr. Crawford's progress and an abuse of the three strikes progressive disciplinary policy used by the teacher's college, WGU   failed to investigate or supervise any employee in connection with these acts of discrimination, harassment and intimidation.  WGU's failure to investigate and refusal to respond to the complaints that Mr. Crawford has submitted over the years provides compelling confirmation WGU's indifference to the unlawful conduct of its employees.

**B. Other Discriminatory, Harassing, and Degrading Treatment Based on Age.**

26. On or about January 11 2015 Linda Jonson warned Mr. Crawford that WGU faculty was alerted to his "problems" with teacher success so he should be caution in dealing with course mentors.  Linda Johnson warned Mr. Crawford that in light of his record of conflict he was to be especially cautions in dealing with Bridgette Hardin the course mentor assigned to Mr. Crawford for his JUT Literature Review course.  Linda Johnson advised Mr. Crawford to communicate with Ms. Hardin through email only and not by telephone.  Mr. Crawford followed Ms. Jonson's instruction and communicated with Ms. Harden through email only.  On or about January 21, 2015 complained to teacher success that Mr. Crawford's email requests for guidance was "combative".  All interaction with Ms. Hardin the course mentors was suspended during the WGU treachery success disciplinary review.  In Mr. Crawford's Literature Review task response was locked out of taskstream during and after the teacher success investigation of Ms. Hardin's complaint, which

COMPLAINT                                    - 14 -

prevented objective assessment of the task response.  Mr. Crawford's request for assignment to a different course mentor was denied.

27.  WGU faculty and staff stigmatized Mr. Crawford as a "struggling older student".  WGU faculty and staff repeatedly referred Mr. Crawford to teacher success for the application of progressive discipline for use of mathematics symbols included in the Microsoft Word character viewer menu, the use of La TEX (pronounced *la the*) (La TX is a document preparation system for high-quality typesetting.  La TEX, set, operator, and mathematical symbols are ubiquitous in mathematics publishing) based alleged cheating not supported by turn tin scoring, 'sarcasm', request for writing guidance labeled 'combative", and the choice of "old school' topics in mathematics, WGU constructed a pattern of denying Mr. Crawford aci by which the WGU provides instructional materials by electronic transmission, including examinations on the materials and denied Mr. Crawford substantive interaction between himself and his instructors (mentors).   Further WGU used the threat of progressive discipline and the WGU 3 strikes system deter Mr. Crawford from initiating regular and substantive instruction with his course mentors (instructors).

28.  WGU faculty and staff classified Mr. Crawford with the characterization that 'older students tend to struggle at WGU".  By repeated referrals to teacher success and the repeated application of progressive discipline for use of mathematics symbols included in the Microsoft Word character viewed menu, alleged cheating not supported by Turnitin scoring, 'sarcasm', request for writing guidance labeled 'combative", and the choice of "old school' topics in mathematics, WGU constructed a pattern for denying Mr. Crawford interaction with his mentors (instructors).  Mr. Crawford's repeatedly initiated requests for contact with faculty that were ignored.  This resulted in months long delays of assessment of course work.  Mr. Crawford was locked out of the 'task stream' system of objective

assessment.  Homework submitted to the WGU "task stream" system must pass assessment for course progress and is a fundamental component of the substantive interactions that distance learning relies on.  Because of his age, WGU faculty and staff prevented the evaluation of work for passing courses which indeterminately delayed Mr. Crawford's periodic progress.  Hence through constructing a system of delay where Mr. Crawford's progress is delayed, he must re enroll and pay tuition for additional terms of enrollment while his progress is stalled by the progressive discipline process.

29. WGU faculty and staff classified Mr. Crawford as an older student.  WGU faculty and staff explained many of their actions by saying that 'older student's tend to struggle at WGU".  By repeated referrals to teacher success and the repeated application of progressive discipline for use of mathematics symbols included in the Microsoft Word Character Viewer menu, alleged cheating not supported by Turnitin scoring, 'sarcasm', request for writing guidance labeled 'combative", and the choice of "old school' topics in mathematics, WGU constructed a pattern of denying Mr. Crawford access to faculty used to dismiss Mr. Crawford from the Teacher College.

30.  WGU faculty and staff classified Mr. Crawford with the characterization that 'older students tend to struggle at WGU".  By repeated referrals to teacher success and the repeated application of progressive discipline for use of mathematics symbols included in the Microsoft Word character viewed menu, alleged cheating not supported by Turnitin scoring, 'sarcasm', request for writing guidance labeled 'combative", and the choice of "old school' topics in mathematics, WGU constructed a pattern used by WGU as rationalization for assigning Mr. Crawford to an alternative degree program.  WGU refused to define the program and how it should credit Mr. Crawford's completed work.  WGU refused Mr. Crawford access to course mentors for the new program of study.

COMPLAINT

MARK CRAWFORD
923 21 AVENUE
SEATTLE, WASHINGTON 98122
206.683.8070

31. Because of his age, instructor and student interaction was severely limited for Mr. Crawford, when not refused altogether.  At WGU Mr. Crawford was obliged to initiate instructor interaction often to no avail.

**C. Unlawful Retaliation Committed Against Mr. Crawford**

32. After his repeated complaints to his supervisors, Mentors, representatives from Teacher success, and the dean's office WGU failed to stop the discriminatory and harassing conduct.

33. Moreover, the WGU unlawfully retaliated against Mr. Crawford for filing his complaint with the US Department of Education Civil Right Division.  By way of example only, Mr. Crawford mentors began every follow up mentoring section expressing outrage that Mr. Crawford complained to the Depot of Education.

34. Upon information and belief, one of Mr. Crawford's mentors pressured other mentors to delay Mr. Crawford's access to evaluation teams charged with evaluating Mr. Crawford's homework submissions.  WGU counsel proposed to Mr. Crawford that he could be assigned another Mentor if he would withdraw his claim.

35. Additional acts of discrimination and harassment were committed against Mr. Crawford as part of the WGU's campaign of unlawful retaliation.

**FIRST CAUSE OF ACTION**

**Discrimination and Harassment in Violation of the Age Discrimination Act of 1975 (the Age Act), 42 U.S.c. 6101et seq., and its implementing regulation, at 34 C.F.R. Part 110, which prohibit discrimination on the basis of age by recipients of Federal financial assistance.**

36. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 53, inclusive, as if fully set forth herein.

MARK CRAWFORD
923 21 AVENUE
SEATTLE, WASHINGTON 98122
206.683.8070
1

37. Defendant has discriminated against Plaintiff on the basis of his age in violation of Section 110 by denying him the same terms and conditions of educational access available to students who are not designated "old guy', including but not limited to, subjecting him to disparate conditions and denying him the opportunity advance his pursuit of a master degree in math education in and environment that permits substantive interaction with faculty and is free of unlawful harassment.

38. Defendant has discriminated against Plaintiff on the basis of his age in violation of Section 110 by creating, fostering, and accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile environment that included, among other things, severe and pervasive harassment of Plaintiff because of his age.

39. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Section 110 , Plaintiff has suffered and continue to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, for which he is entitled to an award of relief.

40. Defendant's unlawful and discriminatory conduct in violation of Section 110 was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

**SECOND CAUSE OF ACTION**

**Retaliation in Violation Age Discrimination Act of 1975 (the Age Act), 42 U.S.c. 6101et seq., and its**

**implementing regulation, at 34 C.F.R. Part 110, which prohibit discrimination on the basis of age by recipients of Federal financial assistance.**

COMPLAINT                                  -18

MARK CRAWFORD
923 21 AVENUE
SEATTLE, WASHINGTON 98122
206.683.8070

41. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 58, inclusive, as if fully set forth herein.

42. Defendant has discriminated against Plaintiff on the basis of his age in violation of Title VII by denying him the same terms and conditions of educational access and experience available to students not designated "old guy" including but not limited to, subjecting him to disparate conditions and denying him the opportunity to persue his education work in a setting free of unlawful harassment.

43. Defendant has discriminated against Plaintiff on the basis of his age  in violation of Title VII by creating, fostering, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile environment that included, among other things, severe and pervasive harassment of Plaintiff because of his age.

44. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continue to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, for which he is entitled to an award of relief including legal fees.

45. Defendant's unlawful and discriminatory conduct in violation of section  was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages..

49. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of section 110 , Plaintiff has suffered and continue to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and

MARK CRAWFORD
923 21 AVENUE
SEATTLE, WASHINGTON 98122
206.683.8070

self-confidence, emotional pain and suffering, as well as physical injury, for which he is entitled to an award of monetary damages and other relief.

50. Defendant's unlawful and retaliatory conduct in violation of section 110 was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter judgment in his favor and against Defendant, containing the following relief:

A. A declaratory judgment that the actions, conduct and practices of Defendant complained of herein violate the laws of the United States;

B. An injunction and order permanently restraining Defendant from engaging in such unlawful conduct;

C. An order directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory and harassing treatment and otherwise unlawful conduct, as well as to take such affirmative action as is necessary to ensure that the effects of these unlawful practices are eliminated and do not continue to affect his education;

D. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic harm;

E. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to his professional and personal reputations and loss of career fulfillment;

F. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory harm,

MARK CRAWFORD
923 21 AVENUE
SEATTLE, WASHINGTON 98122
206.683.8070
1

including but not limited to, compensation for his mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, emotional distress;

G. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

H. An award of punitive damages;

I. An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

J. Such other and further relief as the Court may deem just and proper.

1.     Plaintiff Mark Crawford ("Mr. Crawford"), on behalf of himself , alleges Defendant, WGU   Inc. ("WGU") through its action , violated the Age Discrimination in Employment Act, Age Discrimination Act of 1975 (the Age Act), 42 U.S.c. 6101et seq., and its implementing regulation, at 34 C.F.R. Part 110, which prohibit discrimination on the basis of age by recipients of Federal financial assistance.   As a recipient of Federal financial aid from the Department of Education, WGU is subject to the age and it's implementing regulation.

2.     Autumn of 2013 WGU vetted Mr. Crawford's application for acceptance to the WGU Teacher's College Master of Mathematics Education program of study.   The vetting required that Mr. Crawford satisfactorily pass mathematics competency exams to demonstrate mastery of subject matter and provide curriculum vitae that demonstrated academic achievement necessary for admission to the WGU Masters of Mathematics Education degree program.   Mr. Crawford satisfied all required and was accepted to the WGU Masters of Mathematics Education (Prima Facie, Direct evidence, comparator, age discriminating is pervasive.

Mr. Crawford contends that, because of his age (58 years in 2013), WGU faculty, staff, and administration discriminated against him by choosing to ignore WGU

COMPLAINT                                    -21

1   policy directing: faculty conduct standards, timely assessment of homework
2   assignments, the management of faculty student communication, timely online
3   communication, guidance to support the completing of degree requirement, and
4   repeatedly falsely claimed his work was simply cut and pasted from the internet,
5   Mr. Crawford asserts that WGU faculty and administration retaliated against him for
7   having complained about such discrimination, created a hostile environment for him,
8   caused him to suffer major depression, punished him by delaying WGU policy
9   mandated assessment of his work, delaying his timely progress, requiring him to pay
10  tuition for additional quarters and finally diverting him to a non teaching degree.
11  .
12
13                              CONCLUSION
14
15      WHEREFORE, the Plaintiff, Mark Crawford respectfully asks this Court to
16  grant him such declaratory, injunctive and other relief as it deems just and
17  proper.
18  Date:  December 29, 2017.
19
20
21
22                          Mark Crawford
23                          Plaintiff
24
25
26
27
28

COMPLAINT                          -22-                    MARK CRAWFORD
                                                          923 21 AVENUE
                                              SEATTLE, WASHINGTON 98122
                                                          206.683.8070